IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PATRICK D. EALY, #2107526 | § | |
| VS. | § | CIVIL ACTION NO. 6:19cv289 |
| MARK CARGILL, ET. AL | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Patrick Ealy, an inmate confined at the Telford Unit within the Texas Department of Criminal Justice (TDCJ), is proceeding *pro se* and *in forma pauperis* in the above styled and numbered civil rights lawsuit. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

I. Plaintiff's Complaint

Plaintiff is suing Allyson Mitchell, the Assistant District Attorney for Anderson County, defense attorney Mark Cargill, and Judge Deborah Evans. He maintains that he was racially profiled in December 2016, which is when he was convicted and sentenced to prison. He further argues that the Judge Evans acquiesced "without a pro se brief" and presided over a "Kangaroo Court" and attorney Cargill "intentionally and knowingly took" him to trial with a stolen case. Plaintiff states that "all black[] [people] were excluded from the jury trial," (Dkt. #1, pg. 4). He finally argues that the District Attorney "falsified" court information.

II. Similar Proceeding

Around the same time Plaintiff filed the present lawsuit, he filed a separate lawsuit—6:19cv485, *Ealy v. Mitchell, et al.* In that case, Plaintiff sued the same defendants and raised many

1

of the same claims—all of which involved his criminal conviction and 75-year sentence(s) for evading arrest with a vehicle and aggravated assault with a deadly weapon against a peace officer. On March 6, 2020, that case was dismissed, with prejudice, as both frivolous and for the failure to state a claim upon which relief can be granted.

### III. Standard of Review

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

### IV. Discussion and Analysis

Plaintiff Ealy is no stranger to the Eastern District of Texas. He has filed multiple federal civil rights lawsuits against these Defendants, all of which express his dissatisfaction that he was found guilty of a crime in Anderson County. The Fifth Circuit has held that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed as abusive or malicious under 28 U.S.C. §1915. *See Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff."); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

Here, once again, Plaintiff Ealy is maintaining that his rights were violated in connection with his Anderson County conviction. Accordingly, Plaintiff's present lawsuit, wherein he raises the same claims, is malicious and should be dismissed. *See Shakouri*, 923 F.3d at 411. To the

extent any specific claim was not brought in the previous lawsuit, such claim is now barred through the doctrine of res judicata because it arises out of the same serious of events or nucleus of operative facts: Plaintiff's Anderson County conviction. *See Williams v. Anderson*, 266 F. App'x 313, 314 (5th Cir. 2007) (unpublished) ("Williams has not established that the district court erred in dismissing this claim on res judicata grounds, in light of his 2003 civil action raising claims under § 1983 that arose out of the same nucleus of operative facts.").

Plaintiff's case suffers from additional flaws. The Supreme Court has held that a plaintiff seeking damages under section 1983 for actions whose unlawfulness would render a conviction or a sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id*. at 486. The Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487.

Here, Plaintiff Ealy is once again complaining about his criminal conviction and trial. By maintaining that racial profiling occurred, that the Judge presided over a "Kangaroo Court" and failed to use a "judicial logbook," that the District Attorney used "falsified" information, he is attacking his conviction. These claims, if proven, would call the validity of his conviction and sentence into question—as his requested relief "is connected to the legality of his present confinement." *See Hudson v. Hughes*, 98 F.3d 868, 871 (5th Cir. 1996). Further, the *Heck*-bar

applies to both injunctive and declaratory relief. *See, e.g.*, *Miller v. Harris Cnty., Tex.*, 396 F. App'x 77, 78 (5th Cir. 2010) (unpublished) ("Because the claims for declaratory and injunctive relief call into question the validity of the deferred adjudication and order adjudicating guilt, they were dismissed property under the rule in *Heck*."); *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004 (unpublished) ("*Heck* applies to claims for injunctive relief that imply the invalidity of the conviction."). Because Plaintiff's claims would implicate his criminal conviction, the claims are barred by *Heck*. Plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. §2254. *Id*. at 487.

Claims barred by *Heck* should read as follows: "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). The Fifth Circuit labels this the "preferred" language. *Id*.

## RECOMMENDATION

Accordingly, it is recommended that the above-styled lawsuit be dismissed, with prejudice, as malicious and until the *Heck* conditions are met.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 8th day of April, 2022.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE